## PRAXEDES MORALES FIGUEROA ET AL., Plffs.,

*v.*

## RAMON VALDES COBIAN ET AL., Dfts.

---

San Juan, Law, No. 1138.

### DEMURRER TO COMPLAINT.

Employers' Liability Act.
  1. The Federal Employers' Liability Act applies to railroads in territories or possessions of the United States as well as railroads between states and territories, and therefore applies to a railroad wholly within Porto Rico.

Jurisdiction—Pleadings—Citizenship.
  2. A complaint which alleges that all the parties are residents of Porto Rico does not allege that they are citizens of Porto Rico, and therefore is not bad upon demurrer on the ground that it shows there is no diversity of citizenship.

---

NOTE.—As to constitutionality, application, and effect of the Federal Employers' Liability Act, see notes in 47 L.R.A.(N.S.) 38, and L.R.A. 1915C, 47.

Figueroa v. Cobian.

Jurisdiction—Pleadings—Citizenship.
      3. Quære: Whether such complaint is bad because it does not affirmatively allege the citizenship of the parties.

Jurisdiction—Employers' Liability Act.
      4. Quære: Whether this court has not jurisdiction of a suit brought under the Federal Employers' Liability Act, regardless of the citizenship of the parties, as being a Federal right conferred by Federal statute.

Opinion filed August 24, 1916.

*Mr. E. B. Wilcox* for plaintiffs.

*Mr. Frank Martinez* for defendants.

HAMILTON, Judge, delivered the following opinion:

This is a suit by the personal representative of an employee of the Valdes railroad under the Employers' Liability Act of April, 1908, as amended in April, 1910.

1. The demurrer sets up that the railroad of the defendants is not run or operated between territories or states. The second section of the act, however, makes it apply to railroads in territories or in possessions of the United States, and so the point raised is immaterial.

2. The further ground of demurrer is presented that the plaintiffs and defendants are by the complaint shown to be all Porto Ricans and therefore there is no proper diversity of citizenship. The complaint, however, does not say this. The complaint merely says that all the parties reside in Porto Rico. It might be defective because it does not allege citizenship of

Figueroa v. Cobian.

plaintiffs or defendants, and it would be well for it to be amended in this regard. This point, however, is not presented, and so is not passed upon. It would be well not to pass upon it for the further reason that it may be argued the right in question is a Federal right, being conferred by a Federal statute, and so applies and is enforceable regardless of citizenship. This point is not decided one way or the other.

The demurrer is overruled.